**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship; et al., | No. 15-35452 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-06026-BHS |
| v. | |
| BOB FERGUSON, Attorney General of Washington (in his official capacity); et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| CHERYL STUMBO; et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 2, 2017
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Northwest School of Safety, et al. appeal from the district court's grant of Defendants-Appellees' motion to dismiss. The district court concluded that Appellants lack constitutional standing to challenge Initiative 594 ("I-594"), a Washington law that extended the State's background-check requirements to non-commercial transfers of firearms. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     While this appeal was pending, the Washington Legislature amended the statutory provisions added by I-594 to clarify that the background check requirement does not apply to "circumstances in which the transferee and the firearm remain in the presence of the transferor." *See* Act of July 23, 2017, ch. 264, 2017 Wash. Sess. Laws 913. Northwest School of Safety, Puget Sound Security, Inc., and Pacific Northwest Association of Investigators, Inc. concede that this amendment renders their appeals moot. We therefore dismiss Northwest School of Safety, Puget Sound Security, Inc., and Pacific Northwest Association of Investigators, Inc. from this appeal.

2.     Turning to the remaining Appellants, we conclude that the district court correctly decided that Appellants lack constitutional standing to challenge I-594. "In evaluating the genuineness of a claimed threat of prosecution, we look to whether the plaintiffs have articulated a 'concrete plan' to violate the law in

2

question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (citing *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126–27 (9th Cir. 1996)). Although a plaintiff does not need to "expose himself to liability before bringing suit," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007), a plaintiff must demonstrate "a genuine threat of enforcement of a disputed state criminal statute," *Steffel v. Thompson*, 415 U.S. 452, 475 (1974); *cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402 (2013) ("[R]espondents cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending."); *San Diego Cty. Gun Rights Comm.*, 98 F.3d at 1126 ("[T]he mere 'possibility of criminal sanctions applying does not of itself create a case or controversy.'" (quoting *Boating Indus. Ass'ns v. Marshall*, 601 F.2d 1376, 1385 (9th Cir. 1979))).

Appellants fail to demonstrate a genuine threat of imminent prosecution. Even if it were unclear whether Appellants' activities come within the ambit of I-594, the government has not communicated any threats or warnings or otherwise indicated any intent to enforce the law against Appellants or others similarly

situated. The two known instances where prosecutors have enforced the law involved a firearm transferred without a background check that was later used as a murder weapon and a firearm stolen from a store and exchanged for drugs. Absent a history of enforcement against conduct like that alleged here, Appellants fail to show a genuine threat of prosecution conferring standing under the law of this Circuit.

**AFFIRMED, APPEAL DISMISSED.**